IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES K. LARBI | * | |
| v. | * | Civil No. RDB-12-1312 |
| UNITED STATES OF AMERICA | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. RDB-05-0088 |
| JAMES K. LARBI | * | |

## **MEMORANDUM OPINION**

The *pro se* petitioner James K. Larbi has filed a renewed Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 137).[1] Petitioner challenges his sentence on grounds that his attorney rendered ineffective assistance of counsel, in violation of his rights under the Sixth Amendment. In his Motion, Petitioner claims that counsel should have argued for a third-level reduction of his criminal offense level, under section 3E1.1(b) of the Federal Sentencing Guidelines, and that counsel did not properly apprise him of the possibility of deportation if he was found guilty. Upon reviewing Petitioner's Motion and the Government's opposition thereto, this Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). Because Petitioner has not demonstrated that counsel provided ineffective assistance, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 137) is DENIED. Petitioner's Motion Seeking a Ruling (ECF No. 145) is rendered MOOT by this decision.

---

[1] Petitioner filed his original Motion to Vacate (ECF No. 109) on September 2, 2010. Petitioner alleged, among other arguments, that counsel failed to file an appeal on his behalf. This Court granted Petitioner an amended judgment from which to file an appeal and dismissed his Motion's remaining claims without prejudice (ECF No. 117). The United States Court of Appeals for the Fourth Circuit denied Petitioner's appeal. *See United States v. Larbi*, 447 F. App'x 519 (4th Cir. 2011).

1

BACKGROUND

On June 12, 2009, petitioner James K. Larbi ("Petitioner") pled guilty to one count of conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846. *See* Plea Agreement, ECF No. 69. On September 17, 2009, this Court sentenced Petitioner to a prison term of eighty-seven months and a five-year period of supervised release. Judgment, ECF No. 78.

On February 16, 2005, Drug Enforcement Administration agents in Baltimore observed Petitioner meeting with Payton Green ("Green"), a known large-scale heroin trafficker. *See* Gov.'s Resp. to Pet'r's Original Mot. 1, ECF No. 113. The agents noted that Petitioner was carrying a large backpack during this meeting, and that Petitioner and Green drove toward Penn Station in Baltimore. *Id.* Based on these observations, the agents suspected that both men were engaged in narcotics trafficking and apprehended them. *Id.* The agents found over six kilograms of heroin in Petitioner's backpack. *Id.*

On March 2, 2005, Petitioner and Green were indicted by a federal grand jury on one count of possession with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 841, and conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846. Indictment, ECF No. 13. On March 11, 2005, Petitioner entered a plea of not guilty and was released on conditions of pretrial supervision. *See* Pet'r's Mot. 1, ECF No. 137. Petitioner then fled to his home country of Ghana. *See* Gov.'s Resp. to Pet'r's Original Mot. 2. Ghanaian officials eventually located Petitioner and extradited him to the United States. *Id.* On March 23, 2009, Petitioner made his first appearance before this Court following his flight to Ghana. *Id.*

On June 12, 2009, Petitioner pled guilty to one count of conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846. *See* Plea Agreement. This Court sentenced Petitioner to a term of eighty-seven months on September 4, 2009. In calculating Petitioner's sentence, this Court granted the Government's motion for a two-level reduction in Petitioner's criminal offense level, pursuant to section 3E1.1(a) of the Federal Sentencing Guidelines.[2]

On August 19, 2010, Petitioner filed a motion to vacate his sentence, made pursuant to 28 U.S.C. § 2255, in which he claimed he received ineffective assistance of counsel for eight reasons. *See* Pet'r's Original Mot. to Vacate. In his reply brief, Petitioner also asserted that counsel ignored his request to file an appeal. Pet'r's Reply for Original Mot. to Vacate 3-4, ECF No. 116. This Court ordered an amended judgment from which Petitioner could file an appeal and gave leave for Petitioner to file his ineffective assistance of counsel claims under a renewed motion to vacate following the disposition of his appeal. *See* Order Dismissing Motion to Vacate, ECF No. 118. On appeal, Petitioner argued that his counsel rendered ineffective assistance and that Petitioner did not make a knowing and voluntary guilty plea. *See United States v. Larbi*, 447 F. App'x 519 (4th Cir. 2011). On September 29, 2011, the United States Court of Appeals for the Fourth Circuit denied Petitioner's claim as to the validity of his guilty plea and decided not to consider Petitioner's ineffective assistance of counsel claim because the record did not contain conclusive evidence of ineffective assistance. *See id.*

On April 27, 2012, Petitioner filed the pending Renewed Motion to Vacate. *See* Pet'r's Mot., ECF No. 137. In his Motion, Petitioner argues that trial counsel provided ineffective assistance for two reasons. First, Petitioner claims that trial counsel should have argued for a

---

[2] Section 3E1.1(a) of the Federal Sentencing Guidelines allows the Government to move for a two-level reduction of a defendant's criminal offense level if it deems that "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S. Sentencing Guidelines Manual § 3E1.1(a) (2012).

3

third-level reduction of his criminal offense level for entering a timely guilty plea, pursuant to section 3E1.1(b) of the Federal Sentencing Guidelines.[3] *See id.* at 1. Second, Petitioner asserts that counsel failed to discuss the possibility of Petitioner's deportation if he were found guilty by this Court. *See id.*

Upon review of Petitioner's Motion to Vacate, the Government's Response, and Petitioner's Reply, this Court finds that Petitioner fails to show that counsel provided ineffective assistance. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 137) is therefore DENIED.

## STANDARD OF REVIEW

Documents filed *pro se* are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). In order to establish a claim for ineffective assistance of counsel, a petitioner must prove both elements of the test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). First, a petitioner must show that his counsel's performance was so deficient as to fall below an "objective standard of reasonableness." *Id.* at 688. In assessing whether counsel's performance was unconstitutionally deficient, courts adopt a "strong presumption" that a counsel's actions fall within the "wide range of reasonable professional assistance." *Id.* at 689. Second, a petitioner must show that his counsel's performance was so prejudicial as to "deprive the defendant of a fair trial." *Id.* at 687. In order to establish this level of prejudice, the petitioner must demonstrate that there is a "reasonable probability that, but for

---

[3] If the Government moves for a two-level reduction under section 3E1.1(a) of the Federal Sentencing Guidelines, it may then move for a third-level reduction under section 3E1.1(b). Under this section, the Government must find that "the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting . . .the government and the court to allocate their resources efficiently." U.S. Sentencing Guidelines Manual § 3E1.1(b) (2012). This section is described in greater detail in *infra* Section I.A.

counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Satisfying either of the two parts of the test alone is not sufficient; rather, the petitioner must meet both prongs of the *Strickland* test in order to be entitled to relief. *See id.* at 687.

## ANALYSIS

In his Motion to Vacate, Petitioner asserts two claims of ineffective assistance of trial counsel. First, Petitioner argues that trial counsel should have pursued an additional reduction of Petitioner's criminal offense level under section 3E1.1(b) for pleading guilty in a timely manner. *See* Pet'r's Mot. 3-11. Second, Petitioner avers that trial counsel never informed Petitioner of the possibility of deportation if he were found guilty. *See id.* at 12-20. Finding that neither claim has merit, this Court denies Petitioner's Motion to Vacate (ECF No. 137).

**I.     Petitioner's Claim That Trial Counsel Should Have Argued for a Third-Level Reduction under Section 3E1.1(b) of the Federal Sentencing Guidelines.**

   A.     *Petitioner Did Not Enter a Timely Guilty Plea*

Petitioner claims that he was denied effective assistance of counsel when trial counsel failed to argue that Petitioner deserved a third-level reduction in his criminal offense level under section 3E1.1(b) of the Federal Sentencing Guidelines. Section 3E1.1, entitled "Acceptance of Responsibility," allows for a reduction in a defendant's criminal offense level under two separate criteria. First, the Government may move for a two-level reduction pursuant to section 3E1.1(a) if the defendant has accepted responsibility for his crime. U.S. Sentencing Guidelines Manual § 3E1.1(a) (2012). Once the Government requests this two-level reduction, it may move for an additional third-level reduction under section 3E1.1(b). A request for this third-level reduction is appropriate where the Government believes that the "defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his

5

intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." *Id.* § 3E1.1(b).

In this case, the Government moved for a two-level reduction for his acceptance of responsibility, pursuant to section 3E1.1(a). *See* Plea Agreement 4. The Government, however, opposed an additional third-level reduction under section 3E1.1(b), because Petitioner delayed the criminal process when he fled the country and did not enter a guilty plea until four years after he initially pled his innocence. *See id.*; Gov.'s Resp. 5-6. Petitioner argues that he is entitled to the third-level reduction, because he informed the Government that he wanted to plead guilty prior to his flight to Ghana. *See* Pet'r's Mot. 8-9; Pet'r's Reply 3-4. He asserts that trial counsel acted unreasonably by not objecting to the Government's refusal to move for the additional level of reduction. *See* Pet'r's Mot. 1.

Petitioner has failed to show that trial counsel acted unreasonably when he did not pursue a third-level reduction. First, it is within the discretion of the Government to move for a third-level reduction. *See, e.g., United States v. Divens*, 650 F.3d 343, 348 (4th Cir. 2011) ("Section 3E1.1(b) thus instructs the Government to determine simply whether the defendant has 'timely' entered a 'plea of guilty' and thus furthered the guideline's purposes in that manner."). Moreover, Petitioner's actions following his indictment indicate that he did not enter a timely guilty plea. Though Petitioner claims that he notified the Government of his intention to plead guilty in accordance with section 3E1.1(b), his argument disregards the fact that he afterward fled the country. As a consequence of Petitioner's actions, the Government had to spend considerable time and resources to locate Petitioner and extradite him to the United States. *See* Gov.'s Resp. 5. Petitioner's case did not resume until three years following his escape from the

United States, when he appeared before this Court on March 23, 2009. *See* Initial Appearance Regarding Revocation of Pre-Trial Release, ECF No. 53. Thus, trial counsel would have had substantial difficulty in making the argument that his client "permit[ed] the government . . . to allocate [its] resources effectively" when Petitioner left the country to evade responsibility for his crime. U.S. Sentencing Guidelines Manual § 3E1.1(b) (2012). Accordingly, Petitioner cannot show that trial counsel's failure to object "fell below an objective standard of reasonableness," and his Strickland claim fails on this basis. 466 U.S. at 688.

   B.  *Petitioner Misapplies the Holding of* Divens *to His Case*

Petitioner cites *United States v. Divens*, 650 F.3d 343 (4th Cir. 2011), for the proposition that the Government can withhold a third-level reduction under section 3E1.1(b) only "on the basis of an interest recognized in the guideline itself." Pet'r's Reply 3. Petitioner argues that the Government improperly used Petitioner's flight to Ghana as a reason to deny him the additional sentence reduction, because the cost associated with extraditing him from Ghana did not relate to his willingness to plead guilty. *See id.* In *Divens*, the Fourth Circuit addressed a defendant who had timely notified the Government of his intent to plead guilty, yet was denied a third-level reduction because he refused to waive his appellate rights. *See* 650 F.3d at 348. The Fourth Circuit found that the Government erred when it denied the defendant a third-level reduction, because a waiver of the defendant's appellate rights did not relate to his willingness to admit to the charged crime. *See id.* In other words, the prosecutors could not deny the defendant the third-level reduction because of his "refus[al] to assist the prosecution in other ways" that were not related to his admission of guilt. *Id.*

Petitioner misapplies the holding of *Divens* to his case. Petitioner's escape from the United States directly contravened any intentions he had of pleading guilty, because he attempted

7

to avoid responsibility for his crime. *See id.* (stating that a timely guilty plea requires an "unqualified confession of guilt in open court"). Thus, the Government reasonably concluded that Petitioner's violation of the terms of his pretrial release and flight from the United States related to the purpose of section 3E1.1(b). *See* Gov.'s Resp. 5-6. Unlike the case in *Divens*, the Government's decision not to move for an additional third-level reduction was not based on reasons unrelated to his acceptance of responsibility. *See* 650 F.3d at 348. Petitioner has therefore failed to demonstrate that trial counsel acted unreasonably when he did not request a third-level reduction for acceptance of responsibility under section 3E1.1(b).

II.     **Petitioner's Claim That Trial Counsel Did Not Inform Petitioner of the Possibility of Deportation If He Was Found Guilty**

Petitioner also claims that trial counsel rendered ineffective assistance by not properly informing him of the possibility of deportation if he were found guilty of his narcotics charge. Petitioner cites *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), in which the Supreme Court reversed the conviction of a defendant whose attorney misinformed him about the possibility of being deported. In *Padilla*, the defendant's attorney erroneously advised the defendant, a lawful permanent resident, that he "did not have to worry about immigration status since he had been in the country so long." 130 S. Ct. at 1478. The Court found that the attorney's advice fell below an objective standard of reasonableness, because "removal is practically inevitable" in such cases. *Id.* at 1480. Petitioner admits that the Supreme Court decided *Padilla* after his own conviction. *See* Pet'r's Mot. 14. Yet, he argues that *Padilla* illustrates that the "prevailing professional norms" at the time of his conviction dictated that trial counsel should have informed Petitioner of the risk of deportation. *Id.*

Petitioner's claim fails because in this case, unlike *Padilla*, there is no question that Petitioner was aware of, and had spoken with his attorney about, the potential consequence of

8

deportation. Petitioner's plea agreement explicitly mentions the possibility of deportation: "By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status." Plea Agreement 4. Moreover, Petitioner signed the plea agreement, indicating his careful review and discussion of its contents with his attorney. *See id.* at 6. During Petitioner's plea colloquy, Petitioner also affirmed under oath that he reviewed the plea agreement with trial counsel and had no objections. *See* Gov.'s Resp. 4, Ex. D. This Court concludes that Plaintiff cannot show that trial counsel failed to discuss the possibility of deportation and loss of immigration status with Petitioner, and thus Petitioner cannot mount a *Strickland* claim on this basis.

### III. Petitioner's Motion Seeking a Ruling (ECF No. 145)

Finally, Petitioner has filed a Motion Seeking a Ruling (ECF No. 145), in which Petitioner requests that this Court issue an opinion on the pending Motion to Vacate. Because this Court denies Petitioner's Motion to Vacate in the accompanying Order, Petitioner's Motion Seeking a Ruling (ECF No. 145) is now MOOT.

### CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 137) is DENIED and his Motion Seeking a Ruling (ECF No. 145) is MOOT.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: May 8, 2013

/s/
Richard D. Bennett
United States District Judge